

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTURO JHOHARY GUTIERREZ-VARGAS, | No. 15-72047 |
| Petitioner, | Agency No. A200-690-635 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Arturo Jhohary Gutierrez-Vargas, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

Whether a group constitutes a "particular social group" is a question of law that we review *de novo*, *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010), but we defer to the BIA's interpretation of governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016).

The BIA did not err in finding that Gutierrez-Vargas has not established membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (explaining cognizability standard) (citing *Matter of M-E-G-V-*, 26 I & N Dec. 227, 237 (BIA 2014)). Gutierrez-Vargas has not established that persons returning to Mexico from the United States who have assimilated to the culture would be perceived by society as a particular social group. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (returnees from the United States to Mexico is not a particular social group). Thus, Gutierrez-Vargas's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief. The record does not compel the conclusion that Gutierrez-Vargas is "more likely than not" to

be tortured by or with the consent or acquiescence of the government if he returns to Mexico.  *See* 8 C.F.R. § 1208.16(c)(2); *see also Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). Thus, Gutierrez-Vargas's CAT claim also fails.

**PETITION FOR REVIEW DENIED.**